(No. 2643—)

ARTHUR HART, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 28, 1936.*

BRYAN H. TIVNEN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

During the years 1933 and 1934 claimant herein, Arthur Hart, was the owner of three motor trucks specially designed and constructed for oiling roads and used exclusively for such purposes in Coles County, Illinois. In the year 1933 claimant applied to the Secretary of State for the registration of said oil trucks and paid for such registration a license fee of Seventy Five ($75.00) Dollars for Federal Truck, Engine No. 1400, for which License No. E 5650 was issued—for Federal Oil Truck, Engine No. 2076 a registration fee of Thirty Five ($35.00) Dollars, for which License No. D 11587 was issued, and for Indiana Truck, Engine No. 8065 a registration fee of Thirty Five ($35.00) Dollars, for which License No. D 115850 was issued; and for the year 1934 a registration fee of Seventy Five ($75.00) Dollars was paid for Federal Truck, Engine No. 1400, for which License No. A4466 F was issued. Claimant now seeks an award of Two Hundred Twenty ($220.00) Dollars as a refund for the reason that said three motor vehicles are exempt from registration under the provisions of Subdivision E of Section 9 of the Motor Vehicle Act of the State of Illinois, whereby oil trucks specially designed and owned and used exclusively for spreading oil on the public roads are exempt from the payment of such license fees. Claimant contends that said license fees were paid under a misapprehension of fact as to said road-oiling trucks being such vehicles as are included in the phraseology of said Section.

A stipulation of facts has been entered into. The Attorney General contends that the mistake was purely one of law. Claimant paid the registration fees in question under a mistaken belief that the particular trucks involved were subject to registration as ordinary trucks. The type of construction of the trucks and the use to which they were put were questions of fact. The law exempts certain types of vehicles from the payment of a license fee, and whether or not this exemption applied in any particular case depends entirely upon the question of fact as to whether the particular truck or vehicle is of the kind and character classified by the law as "exempt." Such question of facts had to be determined in the first instance by the owner of the truck or vehicle and upon the determination of that fact depends the question of whether or not a license fee is required.

The court is of the opinion that where a tax is paid under a mistake of fact, as evidenced in this case, an award is legally justified for a refund of such amount. (*Fowler Mfg. Co.* vs. *State*, 8 C. C. R. 160.)

An award is therefore allowed to claimant in the sum of Two Hundred Twenty ($220.00) Dollars.